Bruce Wayne **WESTBROOK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–81–00028 CR.

Court of Appeals of Texas, Dallas.

Oct. 22, 1981.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., Fred C. McDaniel, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, SPARLING and FISH, JJ.

SPARLING, Justice.

This is an appeal from a conviction for public lewdness under Tex.Penal Code Ann. § 21.07 (Vernon). The defendant waived a jury trial and pled not guilty. The trial judge found the defendant guilty and assessed his punishment at $300 and ninety (90) days in jail, which was probated for one year. The appellant contends that the lewd act occurred in a non-public place. Upon review of the entire record we cannot agree, and therefore affirm.

Officer Charles B. Roberts of the Dallas Police Department was in a viewing booth of the Paris Adult Theatre on December 8, 1978. The appellant entered the same booth, closed and locked the door and sat beside Officer Roberts, a stranger. Appellant then began rubbing Officer Roberts' leg and genital area, at which time Officer Roberts told him to stop so that they could go to his van parked outside. When the two men reached the parking lot, Officer Roberts placed appellant under arrest.

Appellant claims two grounds of error. First, the evidence does not establish that the offense occurred in a public place and is therefore, not sufficient to support the verdict of guilty. Second, the evidence is not sufficient to show beyond a reasonable doubt, that the act, as alleged, was "knowingly" done.

■ In regard to appellant's first ground of error, the information upon which appellant's conviction was based charged that he committed acts of sexual contact while "in a public place." A "public place" is defined as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." Tex. Penal Code Ann. § 1.07(29) (Vernon 1974). The Court of Criminal Appeals has upheld a jury finding that an individual peep show booth in an adult bookstore, such as the booth in the instant case, is a public place where the evidence showed it was a part of "shop" open to the public and occupants of the booth had no right to expect privacy. *Green v. State*, 566 S.W.2d 578, 582 (Tex.Cr. App.1978).

If the booth occupied by appellant was intended to be private, then Officer Roberts, the first to occupy the booth, would have had the right to be free from intrusion. Appellant intruded upon Roberts, a stranger, indicating that the public had free access to the room. The public nature of the booth could not be changed by appellant, acting alone, closing and locking the door.

■ Appellant further contends that he did not "knowingly" commit the stated offense in a public place because of his belief that he was in a private place. This is an improper application of the statute. The culpable mental state of "knowingly" as prescribed by the statute applies to the

sexual contact and not to the place where such act was committed. *Green v. State, supra* at 581 (Tex.Cr.App.1978).

The judgment of the trial court is affirmed.