Evangeline CARDENAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 141–81.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Jay W. Burnett and Robert A. Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Wayne Hill, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted for prostitution, and punishment was assessed at 3 days in

jail and a $250.00 fine. The Court of Appeals for the 14th Supreme Judicial District, relying on Art. 21.05, V.A.C.C.P., and *Victory v. State,* 547 S.W.2d 1, reversed and held the information was defective. *Cardenas v. State,* 628 S.W.2d 153. We granted the State's petition for discretionary review to consider its sole ground for review, which may be divided into two parts:

(1) The information is not fundamentally defective for failing to allege a particular intent which was not a material fact in the description of the offense of prostitution and (2) the appellant, having failed to secure a ruling on her motion to quash, cannot be heard to complain about a matter of form.

Our first consideration will be the second part of the State's ground of review. The State points out that a defendant waives error as to the form of the information by failing to secure a ruling on the motion to quash. Only such defects in the information that would render the information fundamentally defective may be raised for the first time after judgment. *American Plant Food Corporation v. State,* 508 S.W.2d 598, 604.

In its opinion the Court of Appeals relied on a finding that appellant's motion to quash was denied by the trial court. The State takes exception to this finding, and the record is somewhat unclear in that the trial judge signed the form order at the bottom of appellant's motion to quash, but neglected to indicate in the form order whether the motion was being granted or denied. Appellant in her brief before the Court of Appeals placed no reliance on the motion to quash; her argument was based solely on an assertion that the information was fundamentally defective. We therefore find it unnecessary to decide whether the incomplete form order constituted an adverse ruling on the motion to quash, and restrict the matter, as did appellant, to the issue of whether the information was fundamentally defective.

As to the first part of the State's contention, the information in part alleges appellant did:

"... knowingly *offer* and *agree* to engage in sexual conduct, namely, sexual contact, with T. D. Semora for a fee." This part of the information tracks the language of V.T.C.A., Penal Code Sec. 43.-02(a)(1) which states:

"(a) A person commits an offense if he knowingly:

"(1) offers to engage, agrees to engage or engages in sexual conduct for a fee." Section 43.01(4) states the definition of sexual conduct as:

"(4) 'Sexual conduct' includes deviate sexual intercourse, *sexual contact,* and sexual intercourse." (Emphasis added.) Sexual contact is included in the definition of sexual conduct. Section 43.01(3) defines sexual contact:

"(3) 'Sexual contact' means any touching of the anus, breast, or any part of the genitals of another person *with intent* to arouse or gratify the sexual desire of any person." (Emphasis added.)

The information reflects that appellant was charged with "knowingly offer and agree" to engage in sexual conduct, to-wit: sexual contact—a type of sexual conduct. The intent that must accompany future sexual contact need not accompany the offer or agreement to engage in sexual conduct. It therefore is not part of the conduct element in this case and need not be alleged in the information. V.T.C.A., Penal Code Sec. 1.07(a)(8, 13); Art. 21.05, V.A.C.C.P. The information is not fundamentally defective without these words.

This intent element is material to those sexual contacts already consummated. For this reason this case is distinguished from *Victory v. State,* 547 S.W.2d 1. The indictment in *Victory* alleged indecency with a child under V.T.C.A., Penal Code Sec. 21.-11(a)(1). It alleged the consummated act of sexual contact. Therefore, the intent was a material element required in the indictment. If appellant had been charged with *engaging* in sexual contact instead of with *offering* or *agreeing* to engage in sexual contact, *Victory,* supra, would be controlling because "with intent to arouse or grati-

fy the sexual desire of" some person would be an accompanying mental state to the act alleged. Here, the act alleged was not sexual contact, but rather it was the offer or agreement to engage in such conduct.

For the reasons stated, the judgment of the Court of Appeals is reversed and the cause is remanded for consideration of the other issue raised by appellant in his brief before the Court of Appeals.