**Belinda Gayle LOZANO, Appellant,**

v.

**STATE of Texas, Appellee.**

No. A14–82–202CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 17, 1983.

Terrence Gaiser, Houston, for appellant.

Timothy Taft, Ken Mingledorff, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appeal is taken from a conviction for prostitution. The court found appellant guilty and assessed punishment at three days in jail and a $400.00 fine. We affirm.

In her first and second grounds of error, appellant argues that the trial court committed reversible error by denying her

motion to quash the information. The information on which appellant was tried alleged, in pertinent part, that she did:

... in a public place knowingly solicit R. Nieto to engage with the Defendant in sexual conduct, namely sexual contact, for hire.

Appellant contends that the information is defective because it fails to allege what type of sexual contact appellant allegedly offered. Tex.Penal Code Ann. § 43.02(a)(2) (Vernon 1974) states:

(a) A person commits an offense if he knowingly:

. . . .

(2) solicits another in a public place to engage with him in sexual conduct for hire.

Section 43.01(4) defines sexual conduct:

(4) "Sexual conduct" includes deviate sexual intercourse, sexual contact, and sexual intercourse.

Section 43.01(3) states the definition of sexual contact as:

(3) "Sexual contact" means any touching of the anus, breast, or any part of the genital of another person with intent to arouse or gratify the sexual desire of any person.

In *Thomas v. State,* 621 S.W.2d 158 (Tex. Cr.App.1980) (On State's Motion for Rehearing), the Court stated that generally, a motion to quash will be allowed if the facts sought are essential to giving notice. They also stated, however, that when terms and elements in the indictment are defined in the statutes, the definitions are evidentiary and need not be alleged further in the indictment. The Court held that it was unnecessary to include the definition of the term "owner" in a theft indictment because it *did not go to an act or omission of the defendant.* (Emphasis added.) *Id.* at 164.

In *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App.1980) (On State's Motion for Rehearing), the Court, reviewing its decision to grant appellant's motion to quash, in light of *Thomas, supra,* held that the term "delivery" was the very heart of the offense charged and, as such, must be defined in the indictment.

[I]t is clear that even though *an act or omission by a defendant* is statutorily defined, if that definition provides for *more than one manner or means to commit that act or omission,* then upon timely request, the State must allege the particular manner or means it seeks to establish. (Emphasis added.) *Id.* at 851.

The "act or omission" test used in *Thomas, supra,* and *Ferguson, supra,* was applied by the court in *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982), in holding that the trial court denied appellant adequate notice of the acts charged against him when it overruled his motion to quash the indictment for failure to define "appropriate" in a theft charge. The Court stated that "a defendant is entitled to notice of *acts or omissions he is alleged to have committed."* *Id.* at 684. (Emphasis added.)

In the instant case, the information charges that appellant did "knowingly solicit" to engage in sexual contact for hire. The act alleged in the information was not sexual contact; rather, it was solicitation to engage in such conduct. Thus, the term "sexual contact" does not go to an act or omission of appellant, and is not subject to a motion to quash for failure to specify which type of sexual contact appellant solicited. We overrule appellant's first and second grounds of error.

■ Appellant contends in her third ground of error that the information is fundamentally defective for failing to allege that the offense was committed with intent to arouse or gratify the sexual desire of any person. The intent element appears in the definition of "sexual contact" set out in Section 43.01(3), *supra.*

To support this contention, appellant relies on *Cardenas v. State,* 628 S.W.2d 153 (Tex.App.—Houston [14th Dist.] 1982), in which this court held that the intent element is an essential part of the offense of prostitution by sexual contact and must be alleged in the charging instrument. This holding has since been reversed by the Court of Criminal Appeals. *Cardenas v. State,* 640 S.W.2d 291 (Tex.Cr.App.1982).

That court held that while the intent must accompany future sexual contact, it need not accompany an offer or agreement to engage in sexual contact; therefore, it is not part of the conduct element and need not be alleged in the information. *Id.* at 292. We overrule appellant's third ground of error.

 In her last three grounds of error, appellant complains that the evidence was insufficient to show that the offense occurred in a public place, and therefore, could not support a conviction for prostitution. Looking at the evidence in the light most favorable to the verdict, we hold the evidence is sufficient to show the offense occurred in a public place.

Tex.Penal Code Ann. § 1.07(29) (Vernon 1974) defines "public place" as:

[a]ny place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings transport facilities, and shops.

Officer Nieto of the Houston Police Department testified that after he paid to enter the Jolar Cinema on January 15, 1982, he walked down a hallway and entered a booth marked "Live Shows." However, upon entering, he realized there was someone already in the booth, so he left and went to another booth in which appellant appeared.

In *Green v. State,* 566 S.W.2d 578 (Tex. Cr.App.1978), the Court held that a peepshow booth in an adult bookstore was a public place, based upon evidence that the booth was part of a "shop" open to anyone, and could be entered simply by drawing a curtain and entering the booth. Thus, the occupants of the booth had no right to expect privacy.

In *Westbrook v. State,* 624 S.W.2d 294 (Tex.App.—Dallas 1981), the Court found a viewing booth in an adult theater to be a public place. In *Westbrook,* a police officer was already sitting inside one of the theatre's booths when appellant entered. The

Court stated that if the booth in question was intended to be private, then the person inside would be free from intrusion.

In applying the criteria set out in *Green* and *Westbrook,* we hold the evidence sufficient in the instant case to show the offense occurred in a public place. Officer Nieto had free access to the two booths he tried to enter, and in fact, one of them was already occupied, indicating their public nature. We overrule appellant's last three grounds of error.

The judgment of the trial court is affirmed.