**Steve L. DISMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–83–00200–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 17, 1983.

Mark Stevens, San Antonio, for appellant.

Roy Carper, Asst. Cr. Dist. Atty., San Antonio, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an appeal from a conviction for prostitution. Upon his plea of guilty, Appellant was convicted and sentenced to twenty-five days confinement. We affirm.

■ The sole ground of error presented challenges the sufficiency of the State's pleadings. The issue was properly preserved by pretrial motion to quash alleging denial of sufficient notice to prepare a defense and to serve as a bar to subsequent prosecution. The State's information alleged that the Appellant did:

> [K]nowingly and unlawfully OFFER TO ENGAGE JOHN MILLIKIN, in sexual conduct, namely: DEVIATE SEXUAL INTERCOURSE in return for a fee, payable to the said [Appellant] . . .

Sexual conduct is defined in Texas Penal Code sec. 43.01(4) (Vernon 1974) as either sexual intercourse, deviate sexual intercourse or sexual contact. Subsection (1) further defines deviate sexual intercourse as any contact between the genitals of one person and the mouth or anus of another. The State specifically pled which form of sexual conduct was being charged. Appellant, nonetheless, contends that the statutory definition encompasses a variety of oral-anal-genital combinations. Since this element deals with conduct of the accused, he argues that the State should have been required to plead the specific act allegedly offered. *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App.1981); *Gibbons v. State,* 652 S.W.2d 413 (Tex.Cr.App.1983). The critical issue is whether the various physical acts which may be characterized as deviate sex-

ual intercourse under Section 43.01 are multiple statutory definitions or variant evidentiary matters arising under a single statutory definition. We conclude that the latter interpretation is correct.

In *Smith v. State*, 652 S.W.2d 410 (Tex. Cr.App.1983), the Court of Criminal Appeals was presented an analogous assertion of error with regard to the State's failure to plead the specific manner in which a burglary defendant "entered" a building. Texas Penal Code sec. 30.02(b) (Vernon 1974) defines entry as an intrusion of (1) any part of the body or (2) any physical object connected with the body. The Court of Criminal Appeals.held that the State's allegation of entry was sufficient in the face of a motion to quash. Its statutory definition as "intrusion" is essentially singular, despite the more specific elucidation provided in the code with regard to manner and means of effectuating the intrusion. In the present case, of the various forms of sexual conduct, the State specifically pled deviate sexual intercourse. We deem the relationship between deviate sexual intercourse and its possible manifestations sufficiently analogous to the burglary analysis to conclude that this pleading was sufficient to enable preparation of a defense and protection from double jeopardy. Further specificity would intrude into evidentiary matters beyond the scope of due process pleading. Ground of Error No. One is overruled.

The judgment is affirmed.