Pamela JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–83–0297–CR.

Court of Appeals of Texas,
Amarillo.

Jan. 30, 1985.

Jeff Blackburn, Amarillo, for appellant.

Bill Baumann, Co. Atty., Michael Hrin, Asst. Co. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Pamela Jackson appeals her conviction for prostitution under section 43.02(a)(1) Texas Penal Code Annotated (Vernon Supp.

---

* All future references to sections are to Texas Penal Code Annotated (Vernon 1974 & Supp.

1985).* On her plea of guilty, the court assessed her punishment at fifteen (15) days in jail and a $150 fine. By three grounds of error, the appellant primarily contends that the trial court erred by overruling her motion to quash the information because that information failed to give her notice of the particular offense the State sought to establish. Agreeing with the appellant's primary contention, we reverse and dismiss.

Section 43.02(a)(1) provides that: "[a] person commits an offense if he knowingly ... offers to engage ... in sexual conduct in return for a fee payable to the actor." Section 43.01(4) provides that " 'sexual conduct' includes deviate sexual intercourse, sexual contact, and sexual intercourse." Section 43.01(1) further provides that " 'deviate sexual intercourse' means any contact between the genitals of one person and the mouth or anus of another person."

In pertinent part, the information in this instance states that the appellant: " ... knowingly offered to engage *in sexual conduct, to-wit: deviate sexual intercourse*, with Perry Gilmore, for a fee, payable to the said Defendant." [Emphasis added.]

By the second paragraph of her motion to quash, the appellant maintained that:

The information alleges that the Defendant offered to engage in sexual conduct, 'to-wit: ... deviate sexual intercourse ...'. The specific form of deviate sexual intercourse is not alleged. The Defendant has a right to be put on notice of what statutorily defined form of deviate sexual intercourse was allegedly offered. The State's failure to make such an allegation renders the information defective. If the Court allows the information to stand, the following rights accorded the Defendant will be violated:

A. The right to be informed of the nature of the accusation guaranteed by the Sixth Amendment to the U.S. Constitution; Article I, Section 10, of the

1985).

Texas Constitution; and Article 1.05 of the Code of Criminal Procedure.

B. The right to the effective assistance of counsel, guaranteed by the Sixth Amendment to the U.S. Constitution; Article I, Section 10 of the Texas Constitution; and Article 1.05 of the Code of Criminal Procedure.

C. The right to be charged by an instrument which will enable the pleading of judgment upon it as a bar of subsequent prosecution, guaranteed by Article 21.04 of the Code of Criminal Procedure.

Under her primary contention, the appellant argues that even though the information alleges "sexual conduct, to-wit: deviate sexual intercourse," the information does not give her fair notice because it does not allege the particular type of "deviate sexual intercourse" she allegedly offered to engage in. To support her position, she relies on *Kass v. State,* 642 S.W.2d 463 (Tex.Crim.App.1981); and *Ferguson v. State,* 622 S.W.2d 846 (Tex.Crim.App.1981).

The State claims the information is sufficient to give the appellant notice of the offense charged, because that information alleges "sexual conduct, to-wit: deviate sexual intercourse" and the term "deviate sexual intercourse" is defined by statute. In that regard, we acknowledge that usually when terms and elements in the information or indictment are statutorily defined, the definitions are essentially evidentiary and need not be further alleged in the charging instrument. *Ferguson v. State,* 622 S.W.2d 846 (Tex.Crim.App.1981). However, as the court pointed out in *Ferguson,* if the statutory definition "provides for more than one manner or means to commit that act or omission, *then upon timely request,* the State must allege the particular manner or means it seeks to establish." [Emphasis added.] 622 S.W.2d at 851.

In *Kass,* the court determined that the trial court erred by overruling the defendant's motion to quash an information which, in pertinent part, read: "knowingly solicit[ed] A.F. Rossi to engage with the Defendant in sexual conduct for hire." 642 S.W.2d at 470. Initially, we observe that

no particular manner of committing sexual conduct is alleged in the information. In concluding that the trial court erred by overruling the defendant's motion to quash, the court pointed out that the term "sexual conduct" is defined as "deviate sexual intercourse," "sexual contact," or "sexual intercourse." Since "deviate sexual intercourse" can be committed in two different manners and "sexual contact" can be committed in three different manners, the defendant's motion to quash entitled her to an "allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give her precise notice of the offense with which she was charged." *Id.*

The State further argues that, notwithstanding the court's decisions in *Kass* and *Ferguson,* the trial court did not err by overruling appellant's motion to quash in this instance, since the court approved a similar information in *Ozack v. State,* 646 S.W.2d 941 (Tex.Crim.App.1983). In *Ozack,* the information alleged, in pertinent part, that the defendant did "... knowingly *offer* to engage in sexual conduct, namely: *sexual intercourse* and *deviate sexual intercourse,* with M.R. Hill, for a fee." [Emphasis added.]

In *Ozack,* the defendant claimed that the allegation of "offer" denied her the right to sufficient notice of the charges against her; she did not claim that the information failed to give her notice of the particular manner of the sexual intercourse and deviate sexual intercourse alleged. In rejecting the complaints made, the court stated, "Virtually all of the quoted language [the information language] is descriptive of the offer: what conduct was offered, to whom it was offered, and that it was offered for a fee were all alleged. It was not error to deny the motion to quash." 646 S.W.2d at 942. Since, there is nothing in the *Ozack* opinion to indicate that the defendant timely challenged the State's failure to allege in the information the particular manner of sexual intercourse and deviate sexual intercourse it sought to establish, the decision is not controlling of the case at bar where appellant timely challenged the State's fail-

ure to allege the manner of deviate sexual intercourse it sought to establish.

The appellant's three grounds of error are sustained, her conviction is reversed, and the challenged information is dismissed.