Lonnie Ray **STEWART**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–83–658CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1985.

Connie Brown Williams, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Lonnie Ray Stewart appeals from a jury conviction for delivery of heroin. The jury assessed punishment, enhanced by one prior conviction, at twenty-five years. Mr. Stewart presents eight grounds of error in this appeal. We affirm the judgment.

Houston Police Department undercover officers, W.C. Pudifin and D.C. Duke, entered a Harris County lounge based on a tip that controlled substances were openly bought and sold in this establishment. The officers sat at a booth and were soon approached by the appellant. Officer Pudifin asked appellant if he had anything to sell, and appellant replied that he had some heroin. Appellant then produced a packet of tin foil and showed the officers a brown, powdery substance, stating that it was of very high quality. The officers gave appellant the $100 requested for the package and took it to the police station for testing. Shortly thereafter, appellant was arrested, but a subsequent chemical analysis of the powder revealed that it was not heroin.

Appellant was charged with delivery of a controlled substance by offer to sell, pursuant to the Controlled Substances Act, TEX. REV.CIV.STAT.ANN. art. 4476–15, §§ 4.03 and 1.02(8) (Vernon Supp.1985). The relevant provisions of this act are as follows:

Sec. 4.03(a) Except as authorized by this Act, a person commits an offense if he knowingly or *intentionally* manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1. (Emphasis added.)

Sec. 1.02(8) "Deliver" or "delivery" means the actual or constructive transfer from one person to another of a controlled substance, abusable glue or aerosol paint, or drug paraphernalia, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance, abusable glue or aerosal paint, or drug paraphernalia. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.

In his first two grounds of error, appellant alleges there was either no evidence or insufficient evidence to prove the offense charged. He contends the substance sold or offered for sale must in fact be a controlled substance to convict a defendant under this statute. The evidence adduced at trial was that appellant stated that he had heroin for sale and that he accepted money for a substance that looked like heroin but in fact was not. There was no evidence as to what the substance really was. Appellant argues he has been convicted for the mere statement that he had heroin for sale, and he contends this behavior is not what the legislature sought to control through enactment of the Controlled Substances Act. He asserts that the legislature intended through this statute to prohibit the transfer of *controlled substances*. Therefore, since the powder appellant transferred was not heroin or any other controlled substance according to the evidence presented at trial, appellant con-

tends he should not be punished pursuant to this legislation.

Appellant also argues that he could not have "knowingly or intentionally" offered to sell heroin, as the statute requires, if the substance indeed was not heroin. He contends there was insufficient evidence to convict him of this crime because a rational person would not conclude that he knowingly or intentionally offered to transfer heroin if what he actually possessed was bogus material. However, the record indicates that appellant attended a second meeting with Officer Pudifin four days after the initial sale. If appellant had intended to sell bogus drugs, it is unlikely that he would have knowingly met Officer Pudifin again. Therefore, the jury heard testimony allowing them to infer that appellant *believed* he was selling heroin and *intended* to sell heroin but had been duped by his supplier.

Whether the substance offered for sale must actually be a controlled drug to convict a defendant under art. 4476–15, § 4.03, presents a case of first impression. As support for his position that the substance must be a controlled drug, appellant relies upon analogy from *United States v. Oviedo*, 525 F.2d 881 (5th Cir.1976). Oviedo was charged with attempted distribution of heroin in violation of 21 U.S.C.A. § 846 (West 1981). Oviedo sold to an undercover agent a bogus drug that he apparently believed to be heroin. He was later convicted for criminal attempt, but the Fifth Circuit reversed the conviction, saying that the defendant's objective acts must mark his conduct as criminal without any reliance on his mens rea. *Id.* at 885. Appellant asserts that his objective act of selling a bogus drug does not mark him as being in violation of the Texas Controlled Substances Act; therefore, his conviction should also be reversed.

The State responds to appellant's argument by citing a subsequent federal case, *United States v. Pietri*, 683 F.2d 877 (5th Cir.1982). Pietri transferred bogus drugs to an undercover agent and also believed the drugs to be real. He was charged with *conspiracy* to possess and distribute narcotics in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1981). The Fifth Circuit upheld the conviction for conspiracy, saying that *Oviedo* did not control its decision in this case because Oviedo was not charged with conspiracy. The court indicated that sufficient evidence was before the jury to convict Pietri of conspiracy, while insufficient evidence was produced to convict Oviedo of the different crime of which he had been charged. *Id.* at 880.

We find neither of these cases particularly helpful or controlling in our interpretation of the Texas Controlled Substances Act. This legislation is found in the Texas civil statutes on public health, and it therefore should be liberally construed. We find that the Texas Legislature delineated as a separate offense an "offer to sell" an enumerated drug. An "offer to sell" is conduct separate and distinct from actual possession or sale.

An analogous situation involves the crime of prostitution. Under Texas law a prostitute may be convicted for a knowing offer to engage in sexual behavior for a fee, whether or not the prostitute actually provides the services offered. *Cardenas v. State*, 640 S.W.2d 291, 292 (Tex.Crim.App. 1982) (en banc). Thus, there is precedent in Texas for criminal prosecution of mere statements with an agreement to accept payment, even without the actual delivery of the goods or services offered.

To convict a defendant of an offer to sell a controlled substance, the material need not actually have been a controlled substance. Instead, the defendant need only have (1) verbalized his intention to transfer a controlled substance in return for a fee and (2) exhibited conduct consistent with the subjective belief that the substance offered for sale was a controlled drug.

By way of contrast, a defendant is more properly prosecuted under a separate statute entitled "Simulated Controlled

Substances,"[1] if (1) the defendant offers to sell a controlled substance, (2) the substance is really a *simulated* controlled substance, and (3) the defendant's conduct reveals that he knows the material is a simulated controlled substance. In the instant case, there was testimony allowing the jury to infer that appellant believed the substance to be *heroin* instead of *simulated heroin;* therefore, we find sufficient evidence to convict appellant of the offense charged. We overrule the first and second grounds of error.

 Appellant's third ground of error complains of the prosecutor's statement in his closing argument that "[w]e don't even know what Lonnie Ray Stewart thought it was," referring to the substance sold. Appellant contends this statement was an improper comment on his failure to testify. For this comment to be reversible error, one must look at the statement from the jury's viewpoint, and the conclusion that it was a comment on the defendant's failure to testify must be a necessary one. *McDaniel v. State,* 524 S.W.2d 68, 70 (Tex. Crim.App.1975). We find that the prosecutor's statement fails to meet this standard. A comment on what appellant thought the substance was also goes to the issue of whether, during his sales pitch to the officers, appellant attempted to delude them into buying bogus drugs, or whether appellant had been duped and truly believed the substance to be heroin. From the jury's standpoint, the comment could easily have been perceived as a statement concerning appellant's state of mind during commission of the crime. Therefore, it cannot be said that the state's jury argument was necessarily a comment on appellant's failure to testify. We overrule appellant's third ground of error.

 Appellant's fourth and fifth grounds of error allege that the trial court erred in either failing to find entrapment as a matter of law or failing to submit the issue of entrapment to the jury. Entrapment requires that the police officers actually implant the idea of selling heroin in the defendant's mind, rather than merely providing the opportunity for the defendant to commit the crime. *See Craver v. State,* 628 S.W.2d 155, 157 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). In the instant case there is no evidence that the officers exerted undue influence over the appellant or actually implanted the idea of selling heroin in appellant's mind. They merely provided the opportunity for appellant to carry out his own intentions. Appellant's fourth and fifth grounds of error are overruled.

 Appellant's remaining three grounds also present no reversible error. He contends that his sentence of twenty-five years is cruel and unusual punishment when the substance was not heroin, especially since persons who actually deliver a verified controlled substance (such as marijuana) can receive a much lesser prison term. However, we cannot say the sentence was cruel and unusual punishment since we have determined that appellant was properly prosecuted under art. 4476–15, § 4.03, and since this punishment is within the range established for this crime by the legislature. *Samuel v. State,* 477 S.W.2d 611, 614 (Tex.Crim.App.1972). Appellant also complains of a procedural error regarding his arraignment on the enhancement issue. Since he failed to object to the improper procedure at trial, no error is preserved for review. *Castillo v. State,* 530 S.W.2d 952, 954 (Tex.Crim.App.1976). Lastly, appellant complains that the trial court improperly admitted into evidence a penitentiary packet with a void judgment. Appellant contends that a previous judgment against him was void because he was convicted five days after the offense occurred without a showing that his counsel waived the ten-day preparation period for trial as required by TEX.CODE.CRIM.

---

1. TEX.REV.CIV.STAT.ANN. art. 4476–15b states in pertinent part:
 Sec. 2(a) A person commits an offense if the person knowingly or *intentionally* manufac-
 tures with intent to deliver or delivers a *simulated controlled substance....* (Emphasis added.)

PROC.ANN. art. 26.04(b) (Vernon 1966). An essential element of this rule, however, is that counsel be appointed by the court instead of retained by the defendant. Since the record does not reflect that appellant's counsel was appointed, appellant has not met his burden of proof on this ground of error. *See Bowers v. State,* 570 S.W.2d 929, 931 (Tex.Crim.App.1978).

We overrule appellant's eight grounds of error and affirm the judgment below.

J. CURTISS BROWN, Chief Justice, dissenting.

I respectfully dissent to the majority's opinion.

Appellant was charged and convicted of delivery of a controlled substance, by offer to sell, to wit: heroin, pursuant to the Controlled Substances Act, TEX.REV.CIV. STAT.ANN. art. 4476–15, § 1.02(8) and § 4.03(a) (Vernon 1976 and Supp.1984). Section 4.03(a) provides, in part, that a person commits an offense if he knowingly or intentionally delivers or possesses with intent to deliver a *controlled substance.* Section 1.02(8) defines "deliver" or "delivery" as the actual or constructive transfer from one person to another of a *controlled substance,* including an offer to sell a *controlled substance.*

The State concedes that there was no evidence that the substance Appellant offered to sell was, in fact, heroin. The State does not rely on the actual transfer of heroin to narcotics officer, W.C. Pudifin. Rather, it places emphasis on the words, "offer to sell," as controlling in the statutory phrase, "offer to sell a controlled substance." It is the State's contention that it was unnecessary to prove that the substance Appellant offered to sell was actually a controlled substance; rather, it was only required to prove that Appellant offered to sell to Officer Pudifin a "substance" which Appellant claimed was heroin.

While the majority supports the State's contention, I strongly disagree. The language contained in Sections 1.02(8) and 4.03(a) of the Controlled Substances Act, discussed above, clearly shows that the behavior the legislature sought to control was the transfer of *controlled substances only.* This conclusion is further strengthened by the fact that in September 1983, the legislature enacted Article 4476–15b, entitled "Simulated Controlled Substances," which states, in pertinent part:

Sec. 2.(a) A person commits an offense if the person knowingly or intentionally manufactures with the intent to deliver or delivers a *simulated controlled substance* and the person:

(1) expressly represents the substance to be a controlled substance;

(2) represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance, ... (Emphasis added.)

Article 4476–15b, § 1(4) defines "simulated controlled substance" as "a substance that *is purported to be a controlled substance,* but is chemically different from the controlled substance it is purported to be." (Emphasis added.)

If the Controlled Substances Act, prior to September, included offenses relating to simulated controlled substances, no real purpose would be served by the enactment of Article 4476–15b. By enacting this statute, it seems clear that the legislature intended to cover certain behavior which had previously been excluded from the Controlled Substances Act. It is a general rule of statutory construction that the legislature is never presumed to do a useless act. *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547 (Tex.1981).

I, therefore, would hold the evidence insufficient to convict Appellant of the offense charged.