**Gerald LAVERNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–85–00333–CR.

Court of Appeals of Texas,
San Antonio.

July 31, 1987.

Stephen Miller, San Antonio, for appellant.

Sam Millsap, Jr., Former Criminal Dist. Atty., Fred G. Rodriguez, Criminal Dist. Atty., Mark Dowd, Mary Lou Castillo, Charles Estee, San Antonio, for appellee.

Before CADENA, C.J., and DIAL and CHAPA, JJ.

OPINION

PER CURIAM.

Appellant was convicted of prostitution and sentenced to forty days' confinement in the county jail.

■ The evidence shows that appellant offered to commit a deviate sexual act upon Officer Scaramozi and then asked how much money Scaramozi had. Scaramozi told appellant that he had forty dollars and appellant replied, "that is enough." Such evidence is sufficient proof of an offer to engage in sexual conduct for a fee. *Robinson v. State,* 643 S.W.2d 141 (Tex.Crim.App.1982).

We agree, however, that the trial court erred by denying appellant's motion to quash. The information filed in this cause alleged that appellant knowingly and unlawfully offered "to engage Don Scaramozi in sexual conduct, namely: deviate sexual intercourse."

■ The offense of prostitution encompasses an offer to engage in sexual conduct, which is defined to include "deviate sexual intercourse." TEX.PENAL

CODE ANN. § 43.01(1) (Vernon 1974). Deviate sexual intercourse is defined as "any contact between the genitals of one person and the mouth or anus of another person." TEX.PENAL CODE ANN. § 43.01(4) (Vernon 1974). When an offense is statutorily defined to include more than one means of commission, a defendant is entitled to specific information alleging which means of committing the offense the State intends to prove. *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App.1981). Since an offer to engage in deviate sexual activity might include either oral or anal contact with the genitals of another person, defendant was entitled to quash the information for failure to specifically state which type of deviate sexual intercourse was offered. *Kass v. State*, 642 S.W.2d 463, 469–70 (Tex.Crim. App.1981); *Jackson v. State*, No. 07–83–0297–CR (Tex.App.—Amarillo, January 10, 1985) *pet. denied*, (not yet published); *Contra, Lozano v. State*, 650 S.W.2d 137, 138 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

The decision of the trial court is reversed and the information is dismissed.

DIAL, Justice, dissenting.

I dissent to the majority opinion for the reasons stated in *Lozano v. State*, 650 S.W.2d 137, 138 (Tex.App.—Houston [14th Dist.] 1983, no pet.) and *Dismore v. State*, 658 S.W.2d 684 (Tex.App.—El Paso 1983, no pet.).