**Clayton Anthony RENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00739–CR.**

Court of Appeals of Texas,
Dallas.

May 30, 1989.

Rehearing Denied June 23, 1989.

Thomas F. Clayton, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before WHITHAM, BAKER and THOMAS, JJ.

THOMAS, Justice.

Clayton Anthony Rent was convicted of promoting obscene material upon his plea of nolo contendere and sentenced to five days in jail and payment of a fine of $1,500. He raises three points of error, contending that the trial court erred in: 1) refusing to give him ten days after the information was amended to prepare and file written pleadings; 2) denying his motion to quash on the grounds that the information failed to allege the requisite mental state as well as the specific acts or omissions depicted which were obscene; and 3) refusing to declare the obscenity statute unconstitutional. Although we find no merit in points two and three, we conclude that Rent was entitled to ten days after amendment of the information in which to respond to the information. Accordingly, we reverse and remand for new trial.

We must first consider the State's contention that Rent has waived all nonjurisdictional defects. The State avers that because the plea of nolo contendere was not entered pursuant to a plea bargain, Rent has waived all error. *See Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App.1972). Rent states in his brief that the plea was entered pursuant to a plea bargain. The State responds that the record does not reflect a plea bargain.

There is no document in the record which sets out a plea pursuant to a plea bargain. However, there is a hand-written notation on the State's announcement of ready for trial, which reads: "5/26/88. 5 days & $1500 per Howard Blackman JRF if pled before 5/31/88." At the hearing on the plea of nolo contendere, the following colloquy between Rent and the trial judge occurred:

THE COURT: Do you understand that by law in Dallas County, if I was not going to follow the plea bargain I would give you advance notice of that?

RENT: Yes.

THE COURT: *Under the plea bargain,* is five days in confinement in the Dallas County Jail, and a $1,500.00 fine plus court cost.

RENT: Okay.

THE COURT: Is that your understanding?

RENT: Right.

(Emphasis added.) Neither the State, nor Rent contested the court's statement of the existence of the plea bargain. We conclude that the record does reflect a plea of nolo contendere pursuant to a plea bargain. Thus, we conclude that Rent has not waived all nonjurisdictional defects under *Helms.*

In his first point of error, Rent contends that the trial court erred in refusing to allow Rent ten days after the information was amended to prepare and file written pleadings. He relies upon article 27.11 of the Texas Code of Criminal Procedure: "In all cases the defendant shall be allowed ten entire days, exclusive of all fractions of a day after his arrest, and during the term of the court, to file written pleadings." TEX. CODE CRIM.PROC.ANN. art. 27.11 (Vernon 1966).

In the case at bar, the information was filed on September 16, 1987. On March 25, 1988, Rent filed a motion for pretrial hearing in which he invoked the provisions of article 27.11 and requested the court to set

the cause for a pretrial hearing "and after ten (10) days from the date of the presentment of the information and in advance of any trial upon the merits," to consider certain enumerated pretrial matters. On April 1, 1988, the trial court held a pretrial hearing as requested. On April 6, 1988, the State filed a motion to amend the information to add the words "oral and anal" before the phrase "deviate sexual intercourse." The certification of service signed by the assistant district attorney averred that the motion had been mailed to defense counsel on that date. Defense counsel stated on the record that he did not deny receiving the copy of the motion.

Directly under the certification of service is an order signed by the trial judge which reads as follows: "On this, the 6 day of April, 1988, the foregoing Motion is hereby granted and the information is hereby amended." The trial court stated on the record that "well before April 11, 1988," he informed cocounsel that "that motion to amend the information would be granted." On April 14, 1988, Rent filed a new motion for pretrial hearing, again invoking article 27.11 and requesting the hearing to be set ten days "from the date of presentment of the information or amended information."

On May 23, 1988, the trial court conducted a hearing on pretrial matters. At the hearing the trial court stated, "Motion to Amend Information, this was State's Motion number one filed April 1, 1988. For record purposes, that Motion to Amend the Information, the Court gave leave of the State to amend the Information on April 6, 1988, that was granted." The words "oral and anal" were hand-written on the information, and the trial court, defense counsel and assistant district attorney initialed the change.

At the May 23 hearing, the trial court denied Rent's April 14 motion for an additional ten days from the date of presentment of the amended information. On May 31, 1988, Rent entered his plea of nolo contendere pursuant to a plea bargain and that plea was accepted by the court.

■ Rent contends that the mandatory provisions of article 27.11 granted him the right to an additional ten days after the information was amended. He relies upon *Oliver v. State*, 646 S.W.2d 242 (Tex.Crim. App.1983). The State contends that article 27.11 does not require that a defendant be given an additional ten days each time an information is amended. The State argues that *Oliver* is distinguishable because in that case the information was dismissed and a new information was filed on the day of trial.

We agree that *Oliver* is not directly on point in the instant case. However, we consider *Oliver* instructive on the purposes of article 27.11:

> The general and perhaps most basic premise of the long-standing "right to time" statute is that it was enacted by the Legislature of this State to afford the accused or his counsel a right to carefully examine the formal accusation and to prepare and file any necessary pleadings pertaining thereto. [Citations omitted.] Such time allowed an accused is both a precious and valuable right.

*Oliver*, 646 S.W.2d at 245. Thus, the statute affords a defendant ten full days in which to familiarize himself with the charges against him so that he may respond to those charges appropriately. When those charges are modified by amendment, it would seem that a defendant would still need that "precious and valuable" time to examine the amended charges and to prepare and file any necessary pleadings.

The legislature has recognized that a defendant may need additional time after an amendment to an information. Article 28.10 provides: "On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the *amended* indictment or information." TEX.CODE CRIM.PROC.ANN. art. 28.10(a) (Vernon Pamph.Supp.1989) (emphasis added). Thus, we conclude that, whether article 27.11 or article 28.10 is applicable, Rent was entitled to his requested ten days from the date of the amendment before he could be put to trial.

The crucial issue in this case, then, is precisely when the information was amended. Rent contends that the information was amended on May 23, 1988, when the information itself was changed by the addition of the hand-written notation of the words "oral and anal" before "deviate sexual intercourse." If Rent is correct, he was not given ten days before trial commenced on May 31. The State's argument appears to be that the information was amended on April 6, 1988, when the trial court granted its motion to amend, or at the latest on April 11, 1988, when cocounsel was informed that the trial court was granting the motion. If the State is correct, Rent was afforded his statutorily-mandated ten days.

There is scant authority concerning the mechanics of amending a charging instrument. One venerable case seems to support Rent's argument that something more than an order to amend is required. In *Robins v. State*, 9 Tex.App. 666 (1880), the court stated, "Simply to order an indictment amended is not sufficient; the record must show affirmatively that the amendment was in fact made." *Id.* at 668. This holding is dicta; the court first held that allegations of venue were not matters amendable and then held that such amendment never occurred because the order to amend was not sufficient. Further, the court cited as support *Cox v. State*, 7 Tex. App. 495 (1879) and *Turner v. State*, 7 Tex.App. 596 (1880). In *Turner*, the court held that a new indictment had not been properly substituted for a lost indictment because there was "no order of record showing that fact." *Id.* at 598. *Cox* involved the amendment of the minutes showing presentment of the indictment. Although the court granted the State's motion to amend the minutes, "the record itself was never amended or corrected." *Cox*, 7 Tex.App. at 498.

■ These cases involve the requirement that the record reflect amendment, not the requirements for the amendment itself. The record in this case does reflect the actual amendment, so the requirement of *Robins* is met. *Robins* does not, however,

resolve the issue of whether an amendment is effective for purposes of articles 27.11 and 28.10 as of the date of the order or of the actual interlineation.

The State's argument that the amendment is effective as of the date of the order is facially appealing. By April 11, Rent was aware, at the very least, that the State intended, and that the court would allow, an amendment of the charge. The April 6 motion set out the amendment that the State desired. Thus, by April 11, 1989, Rent had some notice of what the new charge against him might be.

We conclude, however, that the notice of the substance of the amendment was insufficient because the order itself did not set out the amendment which the trial court *granted*. Although the motion set out the amendment which the State *desired*, the order does not recite the amendment which the court would allow. The State assumes that in granting the order the trial court intended to give it precisely the relief which it requested. The purpose of article 27.11 is to grant a defendant ten days in which to familiarize himself with the charges against him so that he may respond appropriately. Thus, a defendant must first be informed of the charges against him. A defendant would not have notice of the amended charges against him unless the trial court's order set out the substance of the amendment or until the indictment itself was physically changed. In fact, *Oliver* speaks in terms of allowing the accused time to examine "the formal accusation" against him. *See Oliver*, 646 S.W.2d at 245. We are not persuaded that the "formal accusation" is that which is incorporated in a State's motion to amend the information.

In the case at bar, the order amending the information does not set out the substance of the amendment. The actual interlineation of the information did not occur until May 23, 1988. Although Rent requested his statutory ten days, the trial court denied the request and set the hearing on the plea for May 31, 1988. Thus, Rent was denied his statutory ten days in

which to prepare and file written pleadings. Point of error one is sustained.

In his second point of error, Rent contends that the trial court erred in denying his motion to quash on two grounds: 1) the information failed to allege the requisite mental state; and 2) the information failed to allege the specific acts or omissions which the magazine depicted. We note initially that this point, complaining of two alleged errors, is multifarious. By combining more than one contention in a single point of error, Rent risks rejection on the ground that nothing is presented for review. *Cuevas v. State*, 742 S.W.2d 331, 335 n. 4 (Tex.Crim.App.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1488, 99 L.Ed.2d 716 (1988). Nevertheless, to the extent that we understand his arguments, we will attempt to address their merits.

Rent first argues that the charging instrument fails to allege a culpable mental state. The information reads, in relevant part, that Rent did:

> then and there, knowing the content and character of certain obscene material, to-wit: one magazine entitled "Unreal People", promote by offering for sale and sale of obscene material to L.R. Cadena, and said material was obscene in that it depicted patently offensive representations of or descriptions of oral and anal deviate sexual intercourse.

Rent argues that the information failed to allege a culpable mental state in that the information alleges only that he knew the content and character of the material but not that he knew that it was obscene.

■ Section 43.23 of the Texas Penal Code provides that a person commits an offense "if, knowing its content and character, he wholesale promotes or possesses with intent to wholesale promote any obscene material." TEX.PENAL CODE ANN. § 43.23 (Vernon 1989). Thus, the information tracks the statute almost exactly. Generally, an indictment or information tracking the language of the penal statute is legally sufficient to provide the defendant with notice of the charged offense. *See Marras v. State*, 741 S.W.2d 395, 401 (Tex.Crim.App.1987). The infor-

mation in the instant case sets out the culpable mental state as set out in the statute. We conclude, therefore, that the information is legally sufficient.

Rent next argues that the information should have been quashed because it failed to allege the specific acts or omissions depicted which rendered the material obscene. Rent notes that the statute fails to refer to or to define "oral and anal deviate sexual intercourse." He avers that the State should have utilized the definition of deviate sexual intercourse found in section 43.01, and should have alleged whether the deviate sexual intercourse was "contact between the genitals of one person and the mouth of another person," and/or "contact between the genitals of one person and the anus of another person."

Rent relies upon *Laverne v. State*, 737 S.W.2d 379 (Tex.App.—San Antonio 1987), *rev'd on other grounds*, 753 S.W.2d 404 (Tex.Crim.App.1988), as authority for his contention. In *Laverne*, the San Antonio Court of Appeals noted that the charged offense, prostitution, is statutorily defined to include more than one means of commission—contact between genitals and mouth *or* contact between genitals and anus. *See* TEX.PENAL CODE ANN. § 43.01 (Vernon 1974). Thus, the defendant was entitled to specific information alleging which means of committing the offense the State intended to prove. *Laverne*, 737 S.W.2d at 380.

■ The alternate means of commission in *Laverne* refer to acts of a defendant. Here, the only act of the defendant Rent was promotion of obscene material. "Deviate sexual intercourse" as used in this information does not refer to alternate means of commission of the offense of promotion of obscenity by Rent. Thus, *Laverne* is inapposite. We conclude that the State was not required to distinguish between oral/genital contact and genital/anal contact when alleging that the acts which rendered the magazine obscene involved "oral and anal deviate sexual intercourse." We overrule point of error two.

In his third point of error, Rent contends

that sections 43.21, 43.22[1] and 43.23 of the Texas Penal Code are unconstitutional. Rent does not, however, set out in his brief in what way these provisions are unconstitutional. He appears to be complaining of vagueness and overbreadth and of a violation of the free speech provision of the first amendment to the United States Constitution. Again, in complaining of three separate statutes on at least three separate grounds within a single point of error, Rent presents nothing for review. *Cuevas,* 742 S.W.2d at 335 n. 4. Nevertheless, we will address his points as we understand them.

■ Rent first complains of the definition of obscene contained in section 43.21. Section 43.21 codifies the three-prong test for obscenity enunciated by the United States Supreme Court in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The *Miller* test requires factual determinations that: 1) the work taken as a whole must appeal to the prurient interest in sex, 2) the work must portray sex in a patently offensive way, and 3) the work, taken as a whole, must lack serious literary, artistic, political, and scientific value. *Id.* at 24, 93 S.Ct. at 2614. *Miller* dictates that obscenity is to be judged by contemporary community standards. *Id.* at 33–34, 93 S.Ct. at 2619–20.

Rent argues that section 43.21 is unconstitutional because the statute relates only the first prong of the three-prong test to contemporary community standards. The El Paso Court of Appeals has disposed of this argument as follows:

The Texas statute imposes the local community standard on the first two prongs of the *Miller* test, and we find that it is in compliance with constitutional requirements.

Section 43.21(a)(1) is virtually identical to the format set out in *Miller.* The first prong, prurient interest, is to be assessed by the average person, applying contemporary community standards to the work as a whole. The second prong is similar-

ly related to the local standard by the definition of "patently offensive" contained in subsection (a)(4):

"Patently offensive" means so offensive on its face as to affront current community standards of decency.

\* \* \* \* \* \*

Subsection (a)(1)(C) requires the absence of values expressed in the third portion of the *Miller* test. Sections 43.21 and 43.23 are in compliance with constitutional standards and are not overbroad. There is no authority that requires that this State apply the contemporary community standard test to the third prong of the *Miller* test requiring that the material lack serious literary, artistic, political or scientific value.

*Garcia v. State,* 633 S.W.2d 611, 613 (Tex. App.—El Paso 1982), *overruled on other grounds, Davis v. State,* 658 S.W.2d 572, 580 (Tex.Crim.App.1983). We agree that the definition of obscenity, which follows the *Miller* standard, is constitutional.

■ Rent's second argument is that section 43.23 is unconstitutional because it fails to provide an exception or defense to prosecution under this section where the obscene material is promoted by a person having scientific, educational, governmental or other similar justification. We perceive of no need for such an exception or defense. The definition of obscenity in the statute itself establishes that material is obscene only if, among other things, it "lacks serious literary, artistic, political and scientific value." TEX.PENAL CODE ANN. § 43.21(a)(1)(C) (Vernon 1989). Thus, material which has scientific, educational, governmental or other similar purpose is not obscene and would not constitute a violation of the statute.

■ Rent further complains that the statute is vague and overbroad because of the law enforcement exception to section 43.23. He does not explain how or why this exception renders the statute over-

---

1. Rent was not charged with violating this statute, which creates an offense if one displays or distributes obscene photographs, drawings or other obscene material and is reckless about

whether a person is present who will be offended by the display. Thus, we do not address the constitutionality of this provision.

broad and vague. Section 43.23(g) provides: "This section does not apply to a person who possesses or distributes obscene material or obscene devices or participates in conduct otherwise prescribed [sic] by this section when the possession, participation, or conduct occurs in the course of law enforcement activities." TEX.PENAL CODE ANN. § 43.23(g) (Vernon 1989).

We conclude that this subsection does not render the statute overbroad. A statute is unconstitutionally overbroad on its face if it does not aim specifically at evils within the allowable area of State control, but on the contrary, sweeps within its ambit other activities which are protected by the constitution. *See Thornhill v. Alabama,* 310 U.S. 88, 97, 60 S.Ct. 736, 741, 84 L.Ed. 1093 (1940). Rather than sweep additional activities within the scope of the statute, the exclusion works to exclude certain activities. Thus, there is no overbreadth.

Further, we conclude that subsection (g) does not render the statute vague. For a penal statute to be deemed unconstitutionally void for vagueness, it must either forbid or require the doing of an act in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application, thus violating the fair notice requirements of due process of law. *See Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). We hold that persons of common intelligence can easily determine whether their conduct comports with the law enforcement exception.

Rent argues lastly that the magazine he is accused of promoting is "presumptively protected by the First Amendment." It is, however, well settled that the right to free speech is not absolute and that obscenity does not fall within the bounds of expression protected by the first amendment. *Roth v. United States,* 354 U.S. 476, 485, 77 S.Ct. 1304, 1309, 1 L.Ed.2d 1498 (1957). Obscenity may be regulated without infringing first amendment rights because it has such slight social value as a medium of speech and expression of ideas

that any benefit from it is clearly outweighed by society's interest in order. *Gholson v. State,* 667 S.W.2d 168, 172 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd), *citing Chaplinsky v. New Hampshire,* 315 U.S. 568, 572, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942).

It is well settled that when a defendant pleads nolo contendere to a misdemeanor offense, such plea constitutes an admission to every element of the charged offense. *Dees v. State,* 676 S.W.2d 403, 404 (Tex. Crim.App.1984). Rent, by his plea of nolo contendere, has therefore admitted that the material was obscene and he has not contended on appeal that it is not obscene. Thus, we conclude that the material is not protected by the first amendment. The obscenity statute is not, therefore, violative of the first amendment. After due consideration of Rent's multifarious arguments under point of error three, we overrule that point.

Having sustained Rent's first point of error, we reverse the trial court's judgment and remand for new trial.

BAKER, Justice, dissenting.

I respectfully dissent from the majority's conclusion regarding point of error number one because it is a classic example of elevating form over substance.

The majority reverses and remands this cause because it concludes that appellant's notice of the substance of the State's amendment to the information was insufficient since the order itself did not set out the amendment which the trial court granted. The majority notes that although the motion set out the amendment which the State desired, the trial court's order does not recite the amendment which the court would allow. They reason that a defendant would not have notice of the amended charges against him unless the trial court's order set out the substance of the amendment or until the indictment itself was physically changed. *See* TEX.CODE CRIM.PROC.ANN. art. 27.11 (Vernon 1989); *Oliver v. State,* 646 S.W.2d 242, 245 (Tex.Crim.App.1983).

The record reflects that the State filed its motion to amend the information on April 6, 1988. This motion contained the State's request to amend the information by adding the words "oral and anal" after the words "patently offensive representations of or descriptions of" in the information filed against appellant. A copy of the motion was served upon appellant's counsel. Appellant's co-counsel was informed on April 11, 1988, that the trial court was granting the motion.

The record reflects that the State's motion and the trial court's order are all part of one instrument, and the trial court's order specifically says that the State's foregoing motion is granted and the information is hereby amended. This order was signed effective April 6, 1988. On April 14, 1988, appellant filed a new motion for pretrial hearing requesting, under article 27.-11, that the hearing be set ten days from the date of presentment of the information or amended information. A pretrial hearing was held on May 23, 1988, at which time appellant asked for an additional ten days which was denied. Appellant pleaded nolo contendere on May 31, 1988.

In my view, to hold that the trial court's order must set out the substance of the amendment when the order is part and parcel of the motion to amend which contains the specific amendment requested is to elevate form over substance, particularly when the record is without dispute that appellant had notice of the amendment for a period of more than ten days before trial. Under the facts of this case, I would hold that appellant had sufficient time to familiarize himself with the charges against him so that he could respond appropriately, and I would overrule point one.