Gary Lynn COLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–00274–CR.

Court of Appeals of Texas, Dallas.

Feb. 21, 1991.

Rehearing Denied March 28, 1991.

Lawrence B. Mitchell, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before STEWART, ROWE and WHITTINGTON, JJ.

## OPINION

ROWE, Justice.

Gary Lynn Collins appeals his jury conviction for burglary of a building. The jury assessed punishment, enhanced by two prior convictions, at fifty years' confinement. In his sole point of error, appellant asserts that the trial court erred in allowing the State to amend the indictment in violation of the provisions of article 28.10 of the Texas Code of Criminal Procedure. We sustain appellant's point of error and reverse and remand the cause for a new hearing on the issue of punishment.

Appellant was indicted for the offense of burglary of a building. In addition to the burglary offense at issue, the indictment also alleged that appellant had previously been convicted of two felony offenses—aggravated sexual assault and burglary of a habitation. On the day of the jury voir dire and the pretrial motion hearing, the State filed a "Motion to Strike Words or Paragraphs of the Indictment" in which it sought to have the word "aggravated" deleted from the sexual assault offense appearing in the first enhancement paragraph.

The judge granted the motion at the pretrial hearing. This was done over appellant's complaint that upon granting the State's motion, he should be allowed ten additional days to prepare his defense pursuant to article 27.12 of the Texas Code of Criminal Procedure. The trial judge, however, did not grant appellant an additional ten days.

Although the State's motion was granted pretrial, the court did not physically amend the indictment until just before the punishment phase of the trial. At this time, the court deleted the word "aggravated" from the allegation of sexual assault. At the conclusion of the punishment phase of the trial, the jury found the enhancement allegations to be true and assessed appellant's punishment accordingly.

In a single point of error, appellant asserts that the trial court improperly amended the indictment in the middle of the trial after he objected for lack of ten days in which to respond. More specifically, appellant asserts that the trial court erred in allowing the State to amend the indictment mid-trial over his objection because article 28.10 limits a trial court's authority to do so absent a ten day continuance. We agree with appellant. Accordingly, we sustain appellant's point of error.

■ The State argues that appellant has waived his right to complain of the amendment of the indictment because his complaint on appeal does not comport with his pretrial objection. The State asserts that it is clear from the record that the basis upon which appellant objected to the proposed amendment was that the court was going to deny him those ten additional days to prepare a defense to which he was entitled under article 27.12.[1] The objection at trial, therefore, does not squarely comport with appellant's argument raised on appeal concerning the trial court's lack of authority under article 28.10.[2] When appellant ob-

---

1. Article 27.12 provides in pertinent part: "In cases where the defendant is entitled to be served with a copy of the indictment, he shall be allowed ... ten days time.... to file written pleadings after such service." Tex.Code Crim. Proc.Ann. art. 27.12 (Vernon 1985).

2. Article 28.10 provides:
(a) After notice to the defendant, a matter of form or substance in an indictment or infor-

mation may be amended at any time before the date the trial on the merit commences. At the request of the defendant, the court shall allow the defendant not less than ten days or a shorter period if requested by the defendant, to respond to the amended indictment or information.
(b) A matter of form or substance in an indictment or information may also be amend-

jected at the pretrial hearing, however, appellant was entitled under both statutes to demand ten extra days preparation time as a condition for having the amendment lawfully made. Thus, the fact that appellant based his claim for extra time under article 27.12 rather than under 28.10 is inconsequential. *See Rent v. State*, 771 S.W.2d 723, 725–26 (Tex.App.—Dallas 1989), *aff'd*, No. 1090–89 (Tex.Crim.App. Sept. 12, 1990).

In the present case, appellant stated his objection to the amendment at the pretrial hearing just after the court announced that it was granting the State's motion. An amendment occurs, however, only when an indictment is physically changed, so the error about which the appellant was complaining had not yet occurred. *See Rent*, 771 S.W.2d at 727–28. Following the guilt/innocence phase when the indictment was physically changed, the trial judge stated:

> One thing I need to get on the record, earlier on this date the State filed a motion to delete the word "aggravated" from the second paragraph of the indictment where it alleges a former prior offense. I said I was inclined to grant it. Well, I have, in fact, granted that and I have physically deleted the word "aggravated" from the face of the second paragraph of the indictment.

> You made an extensive objection at the time which I think is in the record, Mr. Davis, but I wanted my rulings on that

to be in the record for the purposes of any appeal in this case. That's been accomplished.

Although the record does not show that appellant objected again at this point, given the court's language, we assume that the court carried appellant's earlier objection forward.

■ Having determined that appellant properly preserved his point of error for review, we now address his allegation of error. In the present case, the trial court amended the indictment mid-trial over appellant's objection.[3] Appellant's special request for a ten day continuance was denied. The court thus violated article 28.-10(b). Although not expressly restated in the text of section (b), by necessary implication the same ten day continuance allowed before trial by the proceeding section (a) remains an available right after trial commences if defendant demands that right.

■ Although we have been unable to find any cases stating that neither article 28.10(c) nor the harmless error rule[4] apply to this type of violation of article 28.10(b), based upon *Sodipo v. State*, No. 1390–88 (Tex.Crim.App.1990) (not yet reported), we hold that they do not. In *Sodipo*, the Court of Criminal Appeals found that the Court of Appeals erred when it failed to find that the trial court erred in denying the appellant an additional ten days time when he properly requested it. *Sodipo*,

ed after the trial on the merit commences if the defendant does not object.
(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced. Tex.Code Crim.Proc.Ann. art. 28.10 (Vernon 1985).

**3.** The State argues that the requested change in the indictment was not an article 28.10 amendment but was instead an abandonment of words in the enhancement paragraph. Based on *Sodipo v. State*, No. 1390–88 (Tex.Crim.App. September 12, 1990) (not yet reported), we disagree. In *Sodipo*, the State changed the indictment pretrial. The change involved a cause number in the enhancement paragraph. The trial court denied the appellant ten additional days to pre-

pare after the change because the court found that the amendment did not change the substance of the indictment. The Eastland Court of Appeals affirmed the trial court's judgment, finding that any error in not allowing defendant the additional ten days was harmless. *Sodipo v. State*, 760 S.W.2d 48, 49–50 (Tex.App.—Eastland 1988). The Court of Criminal Appeals, however, held that appellant was entitled to ten additional days after the amendment. *Sodipo*, No. 1390–88, slip op. at 4. Thus, any change in the enhancement paragraph, even a slight change such as the cause number of the prior conviction, must nonetheless be treated as an amendment sufficient to entitle the defendant to the ten day protection afforded by article 28.10.

**4.** Rule 81(b)(2) of the Texas Rules of Appellate Procedure.

slip op. at 4. The State argued therein that such error was subject to a harm analysis. The court, however, disagreed. The court stated:

> We do not decide today whether all mandatory statutes are immune to a harmless error analysis. We do find that provisions such as the ten day requirement found in Art. 28.10(a) cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error.

*Id.*, slip op. at 5. Finding this reasoning to be persuasive, we hold in like manner that no harm analysis either under the harmless error rule or under the provisions of article 28.10(c) is required when the trial court violates article 28.10(b) by failing to grant a requested ten day continuance. Accordingly, we sustain appellant's sole point of error.

Having sustained appellant's point of error, we reverse the trial court's judgment as to the punishment assessed and remand the cause for a new trial on the punishment issue.