## Clayton Anthony RENT, Appellant,

v.

## The STATE of Texas, Appellee.

### No. 1090–89.

Court of Criminal Appeals of Texas, En Banc.

Sept. 12, 1990.

Rehearing Granted June 19, 1991.

Opinion on Motion for Rehearing March 18, 1992.

Rehearings Denied Sept. 23, 1992 and Sept. 30, 1992.

Thomas F. Clayton, Dallas, for appellant.

John Vance, Dist. Atty., and Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of promoting obscene material and his punishment was assessed at five days confinement and a fine of $1,500. The conviction was reversed and remanded for new trial. *Rent v. State,* 771 S.W.2d 723 (Tex.App.—Dallas, 1989). We granted review to determine whether the Court of Appeals erred in holding that appellant was entitled to ten days notice after the physical amendment of the information in this case and whether a harmless error analysis should have been conducted. See Article 28.10(a), V.A.C.C.P.

After careful review of the State's petition, the record before us, and the parties' briefs, we have determined that this case is governed by our decision in *Sodipo v.*

*State*, 815 S.W.2d 551 (Tex.Cr.App., No. 1390–88), this day decided, and therefore the judgment of the court of appeals is affirmed.

W.C. DAVIS, J., not participating.

## OPINION ON STATE'S MOTION FOR REHEARING

MILLER, Judge.

Appellant was convicted of obscenity upon his plea of nolo contendere. V.T.C.A. Penal Code § 43.23. Pursuant to a plea bargain, the trial judge sentenced appellant to five days in jail and a $1500 fine. The court of appeals reversed the trial court's judgment and remanded this cause for a new trial. *Rent v. State*, 771 S.W.2d 723 (Tex.App.—Dallas 1989). This Court granted the State's petition for discretionary review on two grounds, to-wit: whether the court of appeals erred in reversing appellant's conviction due to a violation of Art. 28.10(a), V.A.C.C.P., without conducting a harmless error analysis and whether the court of appeals erred in holding appellant was allowed ten days notice after the physical amendment of the information.

In this Court's opinion on original submission, we affirmed the judgment of the court of appeals, determining this case was governed by *Sodipo v. State*, 815 S.W.2d 551 (Tex.Crim.App.1990), which interpreted

Art. 28.10 as prohibiting the State from amending a charging instrument, over the defendant's objection, on the day of trial prior to commencing trial on the merits and held that the error resulting from allowing an amendment at that time was not subject to a harmless error analysis. *Rent v. State*, 838 S.W.2d 548 (Tex.Crim.App.1990). The State raises two grounds in its motion for rehearing, the first asserting this Court failed to address its second ground for review in our opinion on original submission, and the second asserting this Court erred in upholding the appellate court's reversal without conducting any harm analysis. We granted the State's motion for rehearing on the first ground [1].

A recitation of the procedural facts in this case is necessary for its disposition. The State filed a pretrial motion to amend the information [2] in this cause. The State requested leave of the court to add to the information, after the words "patently offensive representations of or descriptions of," the words "oral and anal." The trial court granted the State's motion on April 6, 1988, and the trial court's order reflects "the foregoing Motion is hereby granted and the information is hereby amended." The order is attached to the State's Motion To Amend Information.

On May 23, 1988, the trial judge held a pretrial hearing in this cause.[3] When considering appellant's motion to quash the

1. The State's first ground for rehearing is that: [t]his honorable court erred in failing to address the state's second ground for review that the court of appeals erred in holding that, under Tex.Code Crim.Proc.Ann. Art. 28.10(a), appellant was entitled to ten days notice after the *physical* amendment of the information, rather than ten days notice after the trial court's order amending the information.

2. The information alleged in pertinent part that appellant did

then and there, knowing the content and character of certain obscene material, to-wit: one magazine entitled 'Unreal People', promote by offering for sale and sale of obscene material to [complainant], and said material was obscene in that it depicted patently offensive representations of or descriptions of deviate sexual intercourse,....

3. Appellant filed two identical motions for pretrial hearings. The first motion was filed with the court on March 25, 1988; that motion was granted and an off-the-record pretrial hearing was held on April 1, 1988.

Preliminary proceedings at the May 23, 1988, pretrial hearing revealed appellant filed his second motion on April 14, 1988, which was filed "after the Amended Motion for Request for Pretrial Hearing." Although not clear from this passage in the record, further review of the record reflects the second motion for a pretrial hearing was filed in response to the State's motion to amend the information. The following transpired at the May 23, 1988, pretrial hearing:

THE COURT: Motion number two then goes specifically to a motion to quash to the exceptions of the amended information.

[DEFENSE COUNSEL]: It's not limited to that. It's limited to all the matters we're entitled to bring up under Article 27.11 and 28.01 and 28.10 of the Code of Criminal Procedure.

After a discussion off the record, the trial judge stated he was conducting a hearing on appellant's motions "one and two" even though the court had already held a pretrial hearing on the first motion on April 1, 1988, and had made rulings.

information, the trial judge noted the State filed its motion to amend the information on April 1, 1988, and the trial judge granted the State leave to amend on April 6, 1988. Appellant's counsel then moved for a pretrial hearing ten days from the date of the amended information and in advance of the trial on the merits.[4] Counsel asserted he did not have notice of the "actual complaint or information" upon which the appellant was being tried. Counsel admitted, however, that he had received on April 6, 1988, the motion to amend the information. The trial judge responded that he had instructed appellant's co-counsel "well before April 11, 1988[,]" that the motion to amend would be granted. Nevertheless, appellant argued he did not know whether the State was waiving its motion to amend or withdrawing its motion to amend until the information had been physically amended that morning (May 23, 1988). The trial judge then instructed the prosecutor and appellant's counsel to initial and date the amendments which were physically made to the information that morning of the pretrial hearing.[5] Stating for the record that notice of the amendment to the information was given on April 6, 1988, or at the latest April 11, 1988, the trial judge denied appellant's request for an additional ten days to respond to the amended information. Appellant entered his plea of nolo contendere to the amended information, and was convicted thereon, on May 31, 1988.

On direct appeal, appellant contended the trial court erred in refusing to give him ten days to prepare and file written pleadings after the information was amended.[6] The crucial inquiry, as the court of appeals found, was "precisely when the information was amended[,]" *viz,* the date of the order or the date of the actual interlineation. *Rent,* 771 S.W.2d 723, 727. The court of appeals concluded that, for purposes of Arts. 27.11 and 28.10, the amend-

ment to the information was effective May 23, 1988, the date of the physical interlineation of the document. The court of appeals recognized that by April 11, 1988, appellant "at the very least" had some notice of what the amended charge against him would be, but nevertheless found the notice insufficient because the trial judge's order itself did not set out the amendment which he *granted. Id.* at 727 (emphasis in original). The court reasoned that the motion set out the amendment the State desired but not the amendment the trial judge would allow; therefore, the "defendant would not have notice of the amended charges against him unless the trial court's order set out the substance of the amendment or until the indictment itself was physically changed." *Id.* The information in this cause was not physically amended by interlineation until May 23, 1988. At that time, according to the court of appeals' decision, the amendment became effective and appellant was entitled, upon his request, to the statutory ten days for trial preparation. *Id.* Thus, the court of appeals held the trial court erred in denying appellant his statutory ten days and setting the plea hearing on May 31, 1988. The trial court's judgment was reversed on this basis, and the cause was remanded for a new trial. *Id.* at 730.

On the State's petition to this Court, the judgment of the court of appeals was affirmed on the basis of the Court's recent opinion in *Sodipo,* 815 S.W.2d 551 (Opinion on State's Motion for Rehearing). In *Sodipo,* on the day of trial but prior to jury selection, the State amended the indictment to reflect the correct cause number in an enhancement paragraph. The defendant objected to the amendment and requested ten days to prepare for trial pursuant to Art. 28.10. Finding that Art. 28.10 did not encompass an amendment made on the date of trial but prior to commencement of trial on the merits [7], this Court held the

---

4. *See* Art. 28.10(a), V.A.C.C.P.

5. The words "oral and anal" were hand-written on the information with a line drawn indicating where the words were to be added to the allegations, as stated in the motion to amend.

6. Appellant also raised two other points of error, neither of which is relevant to our disposition of this cause. *See Rent,* 771 S.W.2d at 725.

7. Article 28.10(a) contemplates a situation in which the amendment occurs *before* the date trial on the merits commences. Subsection (b) encompasses an amendment made *after* trial on the merits has commenced. *See* discussion in *Sodipo,* 815 S.W.2d at 555, and *Murk,* 815 S.W.2d at 558.

trial court erred in permitting the State, at that time, to amend the indictment over the defendant's objection. *Id.* at 556; *see also Murk v. State,* 815 S.W.2d 556 (Tex.Crim. App.1991). This Court also concluded that in order to give effect to the full meaning of Art. 28.10, this type of error should not be subjected to a harm analysis under Tex. R.App.Proc. 81(b)(2). *Sodipo,* 815 S.W.2d at 556.

As applied to the case at bar, *Sodipo* resolved the State's ground for review of whether the court of appeals erred in failing to conduct a harmless error analysis after determining the trial court erroneously denied appellant ten days to prepare for trial after the physical amendment of the information. As noted above, under *Sodipo* the error was not subject to a harm analysis. *Sodipo,* however, did not resolve the issue of *when* a charging instrument is amended for purposes of Art. 28.10. The State's second ground for review in this cause addressed that question, *viz*: was the information amended via the trial judge's order which granted the State's motion to amend, or was the information amended when the State made the actual interlineation? We granted the State's motion for rehearing to resolve this question presented in its second ground for review.

This same issue was raised and resolved in *Ward v. State,* 829 S.W.2d 787 (Tex. Crim.App. No. 207–91, delivered this day). In *Ward,* we concluded that "amend," as used in Arts. 28.10 and 28.11, V.A.C.C.P., meant an actual alteration on the face of the charging instrument. *Ward,* at 794. We therefore concluded that a trial court's order granting the State's motion to amend was not the actual "amendment" but rather an appropriate vehicle by which to initiate the amending process. *Id.*

In the *Ward* case, the State moved to amend the indictment by changing the name of the complaining witness. Specifically, the State's motion requested permission of the trial court to "change the name of the complaining witness from 'Seth Haller' to 'Steve Scott.'" The trial court granted the State's motion and entered an order stating the indictment was "hereby amended." The State's motion and the trial court's order were incorporated in a one-page document. The State proceeded to trial on the original indictment which was never physically altered to reflect "Steve Scott" as the owner of the burglarized building. At trial, the State proved the defendant entered the building without the effective consent of Steve Scott, not Seth Haller as alleged in the indictment.

The defendant challenged the sufficiency of the evidence on appeal. This Court held the trial court's order granting the State's motion to amend could not amend the indictment and, therefore, the indictment was never in fact amended. *Ward,* at 795. Consequently, because there was a variance between the State's pleadings and its proof, the evidence was insufficient to support the conviction. *Id.* at 795.

In the cause *sub judice* the court of appeals did not have the benefit of our opinion in *Ward,* but reached the correct result. On the basis of our opinion in *Ward,* we hold the information in this cause was not amended for Art. 28.10 purposes until the interlineation was made at the May 23, 1988 pretrial hearing. Therefore, upon appellant's request, he was entitled to ten days time to prepare for trial. *See* Art. 28.10(a). The trial court erred in denying appellant the statutory ten days to respond to the amended information. The court of appeals was correct in so concluding, and we again affirm its judgment.

The State's motion for rehearing is therefore denied, and this cause is remanded to the trial court for action consistent with this opinion.

Delivered: March 18, 1992

McCORMICK, P.J., and WHITE, J., concur in the result.

BENAVIDES, J., not participating.