NO. 12-02-00037-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




LARRY NUEL MACK,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS






MEMORANDUM OPINION


 Larry Nuel Mack ("Appellant") appeals his conviction for animal cruelty, for which he was
sentenced to confinement for one year and fined four thousand dollars. Appellant raises seven issues
on appeal. We affirm.


Background

 On a routine meter-reading visit to Appellant's farm in Anderson County, Texas, electric
company employee Heath Baldwin ("Baldwin") noticed a large group of cattle so emaciated that
none could even stand up. Baldwin, who had to step over one of the animals to reach the meter,
testified that some of the animals were already dead. Baldwin next went to the nearby farm house
where he found Appellant. Upon informing Appellant of the cattle's condition, Baldwin testified
that Appellant told him he was aware of the cattle's condition and that they would not last long.
Baldwin left and reported the matter to the sheriff's department.

 Appellant was charged by information with intentionally or knowingly failing unreasonably
to provide necessary food, care, or shelter for a cow in his possession. (1) Appellant pleaded not guilty
and the matter proceeded to trial by jury. Following a trial on the merits, the jury found Appellant
guilty as charged. A trial on punishment was conducted, after which the jury recommended that
Appellant be sentenced to confinement for one year and fined four thousand dollars. The trial court
sentenced Appellant accordingly and this appeal followed.


Amendment of Indictment

 In his first issue, Appellant argues that the trial court denied his right to a fair trial by
allowing the State to amend its indictment on the day of trial and by denying Appellant the requisite
ten days to prepare following the amendment. If the defendant so requests, the court shall allow the
defendant not less than ten days to respond to an amended indictment or information. See Tex.
Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989). An "amendment" is an alteration to the face
of a charging instrument which affects the substance thereof. See Eastep v. State, 941 S.W.2d 130,
132 (Tex. Crim. App. 1997), overruled on other grounds, Riney v State, 28 S.W.3d 561, 566 (Tex.
Crim. App. 2000). 

 In the case at hand, three separate cases filed by the State were set for trial on the trial court's
docket. Appellant objected to the cases being tried all at once. Accordingly, a trial was conducted
only in the cause now on appeal. The record reflects that the information in this cause was not
amended. Furthermore, even if the information was, in fact, amended, the record does not indicate
that Appellant requested that the trial court postpone proceedings, thereby triggering the trial court's
responsibility pursuant to Texas Code of Criminal Procedure article 28.10(a). Therefore, we hold
that the trial court was not required to postpone the proceedings because the information was neither
amended, nor did Appellant request any such a delay in the court's proceedings. Appellant's first
issue is overruled.


Admissibility of Evidence

 In his second issue, Appellant argues that the trial court denied Appellant his right to a fair
trial by allowing the jury to view evidence that (1) was extraneous, (2) violated the motion in limine
which the trial court had previously granted, and (3) the probative value of which was far outweighed
by its prejudicial nature. Appellant's argument as to his second issue is set forth in its entirety as
follows:



 The Court allowed introduction of extraneous offenses of Defendant. (Vol2 p. 69-70; Volume 5 pg.
28, 42; Volume 3 p 117 of the Court Reporter's Record) This was a direct violation of Defendant's
Motion for Limine previously granted. Furthermore it violates Code of Criminal Procedure 403 and
404.


 An appellant's brief must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). Rule 38.1(h) is
not satisfied by merely uttering brief, conclusory statements, unsupported by any legal citation. See
Franklin v. Enserch, Inc., 961 S.W.2d 704, 711 (Tex. App.-Amarillo 1998, no pet.). Moreover,
authorities alone are not sufficient to comprise an argument that suffices under Rule 38.1(h). See
Bradt v. West, 892 S.W.2d 56, 69 (Tex. App.-Houston [1st Dist.] 1994, writ denied). An appellant's
brief should argue to the court the law and the facts that weigh in the party's favor. McFarland v.
Sanders, 932 S.W.2d 640, 647 (Tex. App.-Tyler 1996, no writ). 

 Here, Appellant has not satisfied Rule 38.1(h). While Appellant has cited to the record and
to authority, (2) Appellant wholly fails to discuss the facts in light of that authority to uphold his burden
of demonstrating to this court that the trial court committed error. Indeed, the multiple record cites
submitted by Appellant do not even relate to similar categories of evidence. The portions of the
record cited concern (1) a pretrial dialogue between Appellant and the trial court concerning the
parameters of voir dire and what testimony would be permitted regarding what Baldwin observed
at the scene, (2) the trial court's sustaining of the State's objection on relevancy grounds to
Appellant's question of how much a cowboy was paid to care for the cattle after they were removed
from Appellant's land, and (3) Appellant's objections based on improper predicate to photographs
offered by the State through Appellant during cross-examination. (3) It is not this court's burden to
formulate Appellant's argument. See Tex. R. App. P. 38.1(h). Because he failed both to discuss the
law and the facts, and to make cogent argument concerning the manner in which we ought to decide
the present issue, Appellant has not met his burden and has waived the issue on appeal. Id. 
Appellant's second issue is overruled.


Daubert Hearings

 In his third issue, Appellant argues that the trial court, in two separate instances, either failed
to conduct a Daubert (4) hearing, or refused to permit Appellant to take a witness on voir dire so that
he could further determine if a Daubert hearing was necessary. For ease of reference, Appellant's
argument on his third issue is set forth as follows:


 When requested by the Defendant, upon a presentment of an expert witness by the State, the Defendant
has a right to ascertain as to if the State's witness has (a) the expertise to answer the questions or make
the conclusions he makes and (b) that he used accepted methodology to arrive at his conclusions. 
Code of Criminal Procedure 701, 702, 703 and 704[.]


 The court denied the Defendant's right to this examination (Volume 2 pg. 201, Volume 3 pg. 34 of
the Court Reporter's Record)[.]


 Even assuming arguendo that Appellant was referring to Texas Rules of Evidence 701
through 704, such rules do not specifically provide that a defendant has the right to ascertain if the
State's witness is properly qualified to testify as an expert. The decision as to whether an expert
witness is qualified to testify is a matter committed to the trial court's discretion. See Thomas v.
State, 915 S.W.2d 597, 600 (Tex. App.-Houston [14th Dist.] 1996, pet. ref'd). And while the
proponent of a witness bears the burden to prove that such a witness is qualified to testify, see
Broders v. Heise, 924 S.W.2d 148, 151 (Tex.1996), on appeal, the appellant has the burden to
present argument that the trial court abused its discretion by allowing an allegedly unqualified expert
witness to testify. See, e.g., Franklin, 961 S.W.2d 711; McFarland, 932 S.W.2d at 647.

 Similar to his briefing of issue two, Appellant has wholly failed both to discuss the law as
it relates to the facts of the case, and to make cogent argument concerning the manner in which we
ought to decide the present issue. Moreover, Appellant has made no argument that the testimony
of any expert who testified on behalf of the State was either unreliable or irrelevant. As such,
Appellant has not met his burden and has waived the issue on appeal. See Tex. R. App. P. 38.1(h). 
Appellant's third issue is overruled.



Improper Question Ruling In his fourth issue, Appellant objects to the trial court's favorable ruling as to the State's
objection to Appellant's question to a detective regarding whether Appellant's cattle were buried
illegally. When Appellant asked the trial court to specify the grounds on which it sustained the
State's objection, the trial court responded, "[B]ecause it's an improper question."

 As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion and that the trial
court either ruled on the request, objection, or motion or refused to rule on the request, objection,
or motion, and that the complaining party objected to the trial court's refusal to rule. See Tex. R.
App. P. 33.1(a). 

 In the instant case, Appellant failed to object to the trial court's refusal to elaborate on its
ruling. In fact, Appellant thanked the trial court following its explanation that the question was
simply "improper." Therefore, Appellant has failed to preserve error on this issue. Id. Appellant's
fourth issue is overruled. (5)


Legal Sufficiency

 In his fifth issue, Appellant argues that there is no evidence that the subject animal was a
"cow" as charged in the information. In his seventh issue, Appellant argues that no evidence was
presented that a cow is an animal. Legal sufficiency is the constitutional minimum required by the
Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. See Jackson
v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.- San Antonio 1999, no pet.). The standard for
reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S.
Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence
is examined in the light most favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct.
at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in
rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S.
Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

 The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge would include one that "accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of
liability, and adequately describes the particular offense for which the defendant is tried." Id.

 In the case at hand, the State elicited testimony from a veterinarian, Dr. Joseph Hardt
("Hardt"). During the State's examination of Hardt, the following exchange took place:


 Q. Okay. Now, the case that we're trying involves that cow right - right there with the white face. Is that
one of the cows that just like the video shows was at the Mack Ranch?


 A. It was in that group that I was telling you about.


 Q. And this group of cattle, how would you describe the condition of the cattle?

 

 A. Extremely emaciated, weak, lot of muscle wasting. It was real, real bad conditions. I consider to be
malnourished.


 ... .


 Q. Okay. And the particular cow that I pointed out under the barn on the video with the white blaze on
her face, was that one of the cows that you euthanized?


 A. The second time I was out, yes.


 ... .


 Q. Okay. And the reason for the euthanization was - was what?


 A. Well, extreme malnourishment, weak, unable to get up, you know, couldn't support itself. I mean, it
was dying. It would have died shortly.


 ... .


 Q. Dr. Hardt, based on your observations of the cattle and of that particular mamma cow with the white
face that we've showed on the video, do you have an opinion as to whether these cattle were
unreasonably cared for?


 A. Yes. I don't believe they were reasonably cared for.


 Q. Okay. And this - was this a long-term malnourishment of the cattle or short-term, or how would you
characterize based on your observations?


 A. Long term. They were chronic.


 Having reviewed the record, and having considered the evidence in the light most favorable
to the jury's verdict, see Johnson, 871 S.W.2d at 186, we hold that the evidence was legally
sufficient to support the jury's finding that the subject animal was a cow. Appellant's fifth issue is
overruled.

 Turning to Appellant's seventh issue, the word "animal," as it relates to the instant case,
means a domesticated living creature or a wild living creature previously captured. See Tex. Pen.
Code Ann. § 42.09(c)(1). A domestic animal is defined as one who is "habituated to live in or about
the habitations of men, or such as contribute to the support of a family." Black's Law Dictionary
484 (6th Ed. 1990). 

 In the instant case, Appellant testified that he was a participant in a joint venture known as
the Mack Ranch. Appellant testified that the principal business of the Mack Ranch was raising
feeder cattle, and that he had been raising cattle for approximately thirty-five years. Appellant
testified that in raising cattle, he first planted grass on the property. Appellant continued, "[Y]ou
simply put the bulls with the cows, and the cows get pregnant and have calves, and then you take the
calves off the cows, sell them, and get the money to operate on, and then go from there." Appellant
further testified that he used money from the sale of cattle to pay his living expenses. Further, the
record reflects that both Appellant and the cattle lived on the Mack Ranch. We conclude that there
is legally sufficient evidence of record that the cow that is the subject of this case was one of many
domesticated living creatures on the Mack Ranch, and is, therefore, an animal. Appellant's seventh
issue is overruled.


Amendment of Information By Function of Amendment to Court's Charge

 In his sixth issue, Appellant argues that the trial court erred when it amended the court's
charge because such an amendment, which resulted in the word "animal" being added to the
application paragraph of the charge, amounted to an amendment of the information in violation of
Texas Code of Criminal Procedure 28.10. However, the record reflects that the information was not
amended. See Eastep, 941 S.W.2d at 132, overruled on other grounds, Riney, 28 S.W.3d at 566.
The authorities cited by Appellant each involve the actual amendment of a charging instrument, and
are, thus, distinguishable from the case at hand. (6) Appellant has cited no authority that an amendment
to the court's charge is equivalent to an amendment of a charging instrument. Accordingly, we hold
that Article 28.10 was not violated. (7) Appellant's sixth issue is overruled.


Conclusion

 Having overruled Appellant's issues one, two, three, four, five, six, and seven, we affirm the
judgment of the trial court.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered December 23, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
















(DO NOT PUBLISH)


1. In at least two other instances, the State charged Appellant in separate charging instruments with
additional counts of animal cruelty. This appeal relates to a single charge in the trial court's cause numbered 43337.
2. We note that there is no "Code of Criminal Procedure 403 and 404." We presume that Appellant
intended to refer to the Texas Rules of Evidence.
3. Appellant did not object to these photographs pursuant to Texas Rules of Evidence 403 and 404. 
Appellant has, therefore, waived any such argument on appeal with respect to such photographs. See Tex. R. App. P.
33.1.
4. See, e.g., Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-93, 113 S. Ct. 2786, 2796, 125 L. Ed.
2d 469 (1993).
5. Additionally, Appellant has not cited any authority to support his contention that the trial court erred in
sustaining the State's objection on the basis that the Appellant's question was "improper." Hence, even if Appellant
had preserved error on this issue, by failing to cite to authority, Appellant waived the issue on appeal. See Tex. R.
App. P. 38.1(h); Franklin, 961 S.W.2d at 711.
6. In support of his argument, Appellant cites Brown v. State, 828 S.W.2d 762 (Tex. Crim. App. 1991),
Sodipo v. State, 815 S.W.2d 551, 554 (Tex. Crim. App. 1990), and Collins v. State, 806 S.W.2d 578, 581 (Tex.
App.-Dallas 1991, pet. ref'd). Appellant also makes reference to Hillin v. State, 808 S.W.2d 486, 488 (Tex. Crim.
App. 1991).
7. Furthermore, Appellant has not argued the issue of variance in his brief or cited any authority related
thereto. As such, we will not address the issue of variance as it has been waived. See Tex. R. App. P. 38.1(h).