Opinion issued April 28, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00869-CR




TONY ROBERTSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court At Law No. 12 
Harris County, Texas
Trial Court Cause No. 1213587




MEMORANDUM OPINION

          A jury found appellant, Tony Robertson, guilty of misdemeanor assault. The
trial court assessed punishment at 180 days’ confinement in jail and a $300 fine. The
trial court suspended appellant’s sentence and placed him on two years’ community
supervision. In one issue, appellant contends that the trial court erred in granting the
State’s motion to amend the information on the day of trial.
          We affirm.
Background
          On January 11, 2004, the complainant, Dion Alfred, went to a club with some
friends. At about 1:00 a.m., Alfred decided to leave. The club was so crowded that
Alfred had to walk sideways through the crowd to exit. Alfred accidently bumped
into someone and excused himself. He then felt a push from behind. Alfred turned
around and saw appellant flailing his arms and yelling, “You bumped me. You
bumped me.” 
          Alfred was about to ask appellant to calm down when appellant struck Alfred
above his right eye. Alfred thought that appellant had struck him with a bottle but
later learned that appellant had used his fist.
          On January 11, 2004, the State charged appellant by information with
misdemeanor assault, alleging that he “did then and there unlawfully[,] intentionally
and knowingly cause bodily injury” to Alfred by “striking the complainant with a
bottle.” The State filed a motion to amend the information on March 31, 2004,
requesting that allegations be added that appellant struck Alfred with his hand or with
an unknown object. The trial court did not rule on the motion.
          On May 13, 2004, the State filed another motion to amend the information,
requesting that an allegation be added that appellant committed assault with his hand. 
The trial court signed an undated order granting the motion. 
          The first day of trial was May 24, 2004. The State approached the bench
before the jury had been sworn in and explained to the court that, if appellant did not
agree to the amendment of the information, the State would dismiss the case and re-file it. During the discussion, the trial court stated that it believed that double
jeopardy had attached and would only allow a dismissal with prejudice. The court
also stated that, if the motion to amend was granted, then appellant would have 10
days from the granting of the motion to object. 
          Following a recess, the court conducted an in-camera hearing at which the
following exchange occurred:
THE COURT: This is Cause No. 1213587, the State of Texas v. Tony
Robertson. We already have a jury, the jury seated—a jury panel seated. 
The State back on or about the 13th of May, 2004, filed a motion for
leave to amend the information. The information—there was no ruling
on that motion, whether it be granted or denied. State called it to my
attention earlier this morning. I said I’m not going to allow it unless the
defense agrees to it and he did say he did not agree to it. 
 
We have now talked to the jury panel. The State has asked me to
reconsider this motion. I asked [defense counsel] to talk to his client. 
If I should grant the motion, he would have ten days. If I should grant
the motion over his objection, he has ten days in which to go to trial or
else he may waive that ten days and go to trial today on the amended
motion.
 
Do you understand what I’m saying? 
 
THE DEFENDANT: Yes, I do Sir.
 
THE COURT: Do you want to waive the ten days and go to trial today?
 
THE DEFENDANT: I want to go to trial today. 
 
THE COURT: Sir?
 
THE DEFENDANT: I want to.
 
THE COURT: You want to waive the ten days?
 
THE DEFENDANT: Yes, Sir. Go ahead and get it over with.
 
THE COURT: Is that agreeable to you?
 
THE DEFENDANT: Yes.
 
THE COURT: All right. I’ll allow the amendment. Then I’ll sign it. 
And all it does is add a paragraph, change “hand” instead of “bottle.”
          The information was amended by adding a paragraph alleging that appellant
struck Alfred with his hand. The jury found appellant guilty of the offense charged
in the information. Appellant filed a motion for new trial, contending, inter alia, that
it was error for the judge to amend the information on the day of trial. Following a
hearing, the trial court denied the motion for new trial. 
 
Amendment of Information
          In his sole issue, appellant contends that the trial court erred in amending the 
information on the day of trial. 
          An amendment is an alteration to the face of the charging instrument that
affects the substance of the charging instrument. Eastep v. State, 941 S.W.2d 130,
132 (Tex. Crim. App. 1997). An amendment can be accomplished by physical
interlineation of the original indictment or by incorporating into the record, at the
direction of the trial court and with the knowledge and affirmative assent of the
defense, an amended version of a photocopy of the original indictment. Riney v.
State, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).
          If an indictment is amended before trial, the defendant has an absolute right to
request 10 days in which to respond to the amended indictment. Tex. Code Crim.
Proc. Ann. art. 28.10(a) (Vernon 1989). The failure to object to an indictment
before trial waives any objection on appeal. Tex. Code Crim. Proc. Ann. art.
1.14(b) (Vernon 2005).
          If an indictment is amended during trial, the defendant must object to the
amendment or the objection is waived. See Tex. Code Crim. Proc. Ann. art.
28.10(b) (Vernon 1989). Alternatively, the defendant can request 10 days in which
to respond to the mid-trial amendment. Collins v. State, 806 S.W.2d 578, 580 (Tex.
App.—Dallas 1991, pet. ref’d). If an indictment is amended on the day of trial, the
defendant must object to the amendment or the objection is waived. State v. Murk,
815 S.W.2d 556, 558 (Tex. Crim. App. 1991).
          Based on the record presented, we question whether appellant preserved his
complaint that the trial court erred by amending the information on the day of trial. 
It is uncontested that appellant made no objection on the record to the trial court’s
amendment of the information. In this regard, appellant avers the following in a
footnote in his brief: 
It is evident, although not explicit, from the record that Appellant
objected to the amendment because there was a discussion off the record
just before the State began its argument in support of its Motion to
Amend. Moreover, there would not have been any discussion regarding
the Amendment if it were agreed. Further, Appellant’s Pro Se Motion
for New Trial assigns its reason for new trial to the trial court’s granting
of the motion to amend over his objection. 
(Emphasis added.) 
          Though the dialogue between the State and the trial court quoted earlier in this
opinion indicates that appellant did not agree with the amendment before the court
recessed, the specific ground of appellant’s “objection” is not obvious from the
context of the trial court’s comments on the record. To preserve an issue for appeal,
a party must make a timely and specific objection that is followed by an adverse
ruling. Tex. R. App. P. 33.1; Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App.
1991). When objections and rulings are made during a sidebar conference that is
conducted off the record, nothing is preserved for review. Wallace v. State, 822
S.W.2d 290, 293 (Tex. App.—Houston [1st Dist.] 1991, pet. ref’d). It is elemental
that the complaint on appeal must comport with the objection lodged at the trial court
level. See Guevara v. State, 97 S.W.3d 579, 582 (Tex. Crim. App. 2003). 
          From the record, we cannot discern whether appellant ever objected to the
amendment on the basis that an information should not be amended on the day of
trial, the complaint he now raises on appeal. See Bartley v. State, 789 S.W.2d 288,
291 (Tex. App.—Dallas 1990, pet. ref’d) (concluding that defense’s general objection
to amendment of indictment was not sufficiently specific to preserve error). 
Moreover, appellant’s motion for new trial cannot serve to preserve his complaint. 
See Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998) (stating that objection
must be made at first possible opportunity).
          Further, it is unclear whether appellant remained opposed to the amendment
after the recess. During the in camera hearing, the trial court stated that it had denied
the motion to amend when appellant would not agree to amending the information. 
The trial court explained that the State had asked it to reconsider its ruling. The court
revealed that it had requested defense counsel speak to appellant during the recess. 
The trial court then explained, “If I should grant the motion over his objection, he has
ten days in which to go to trial or else he may waive that ten days and go to trial today
on the amended motion.” At that point, appellant expressly waived the trial court’s
offer to delay trial for 10 days and stated that he wanted to go to trial. Appellant
made no objection to the trial court’s granting of the motion or amending of the
information. The information was amended and the parties proceeded to trial without
objection. In addition, defense counsel and the prosecutor disagreed at the hearing
on the motion for new trial whether the defense had agreed to the amendment. 
          Based on the record, we conclude that appellant has not preserved his appellate
complaint. See Tex. R. App. P. 33.1. We overrule appellant’s sole issue.
                                                         Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.

Do not publish. Tex. R. App. P. 47.2(b).